UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ERICA WOODARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No. CIV-23-666-G** |
| **COMMUNITY HEALTH CENTERS** | ) |
| **INCORPORATED a/k/a COMMUNITY** | ) |
| **HEALTH CENTERS, INC. et al.** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court is the Motion to Disqualify (Doc. No. 37) filed by Defendants
Community Health Centers Incorporated a/k/a Community Health Centers, Inc. ("CHCI"),
Isabella Lawson, and Delois Anderson.  Plaintiff Erica Woodard has responded in
opposition (Doc. No. 39).  Defendants did not reply in the time allowed by this Court's
local rules.

### I.    *Background*

Defendant CHCI is a nonprofit medical organization that operates medical treatment
facilities in the State of Oklahoma.  Defendant Isabella Lawson is the Chief Executive
Officer of CHCI, and Defendant Delois Anderson is the Human Resources Director.  *See*
Compl. (Doc. No. 1) ¶ 2.  Plaintiff brings this action against Defendants alleging violations
of the Americans with Disabilities Act, Americans with Disabilities Amendments Act, and
Family and Medical Leave Act, as well as tort offenses under Oklahoma law.  *See* Compl.
¶¶ 43-74.

Nonparty Susan Geurin was CHCI's Quality Improvement/Risk Management

Director.    Defs.' Mot. at 5.    Geurin retired from CHCI on July 31, 2023.    *Id.* [1]
Defendants contend that Plaintiff's counsel engaged in prohibited ex parte communications
with Geurin in April 2024.    *See id.* at 1-2.[2]    On this basis, Defendants say Plaintiff's
counsel should be disqualified.

## II.    *Standard of Decision*

The determination as to whether an attorney should be disqualified is "committed
to the discretion of the court."    *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016
WL 4734687, at *2 (W.D. Okla. Sept. 9, 2016) (citing *Weeks v. Indep. Sch. Dist. No. I-89
of Okla. Cnty.*, 230 F.3d 1201, 1211 (10th Cir. 2000)); *accord Cole v. Ruidoso Mun. Schs.*,
43 F.3d 1373, 1383 (10th Cir. 1994).    Motions seeking the disqualification of opposing
counsel are "viewed with suspicion," however, "and the Court must guard against the
possibility that disqualification is sought to secure a tactical advantage in the proceedings."
*Foltz*, 2016 WL 4734687, at *2 (internal quotation marks omitted).    "A fundamental
premise of the adversary system is that individuals have the right to retain the attorney of
their choice to represent their interests in judicial proceedings."    *Richardson-Merrell, Inc.
v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring).

Two sources of authority govern motions to disqualify.    *Cole*, 43 F.3d at 1383.

---

[1] Following Geurin's retirement, she performed "contract work" for the organization until
January 31, 2024.    *See* Defs.' Mot. Ex. 1, Geurin Aff. (Doc. No. 37-1) ¶ 2.

[2] Defendants do not contend that Geurin was independently represented by her own
counsel in this matter.    Defendants state, however, that Plaintiff's counsel "knew Geurin
was represented by an attorney" and that Geurin was identified in several key exhibits in
this case and listed on Defendants' Witness List (Doc. No. 23).    Defs.' Mot. at 4.

First, district courts consider "the local rules of the court in which [the attorneys] appear." *Id.*   This Court has adopted the Oklahoma Rules of Professional Conduct ("OPRC") as its governing standard of attorney conduct.   *See* LCvR 83.6(b); *see also* Okla. Stat. tit. 5, ch. 1, app. 3-A.   Second, motions to disqualify are "decided by applying standards developed under federal law" and are therefore governed "by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (internal quotation marks omitted).[3]

## III.    Discussion

Defendants argue that Plaintiff's counsel violated Rule 4.2 of the Oklahoma Rules of Professional Conduct by communicating with Geurin without first notifying and obtaining permission from Defendants' counsel.   *See* Defs.' Mot. at 1-2.   Rule 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

ORPC 4.2, Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 4.2.   The resulting question is whether, at the time of Plaintiff's counsel's communications with Geurin, Geurin's relationship with represented party CHCI was such that Rule 4.2 prohibited those communications.

---

[3] "[A]lthough federal courts must consult state rules of professional conduct, they are not bound by state-court interpretations of such rules."   *Grant v. Flying Bud Farms, LLC*, No. 22-CV-1, 2022 WL 2955147, at *3 (N.D. Okla. July 26, 2022).   "Nonetheless, . . . the Court must apply standards developed under federal law, while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma."   *Id.* (alteration, citation, and internal quotation marks omitted).

"In litigation involving corporations, Rule 4.2 applies to only those employees who have the legal authority to bind a corporation in a legal evidentiary sense, i.e., those employees who have speaking authority for the corporation." *Fulton v. Lane*, 829 P.2d 959, 960 (Okla. 1992) (internal quotation marks omitted). "Because former employees may not speak for or bind the corporation, ex parte communications with former employees are not prohibited." *Id.*; *accord* ORPC 4.2 cmt. 7 ("Consent of the organization's lawyer is not required for communications with a former constituent."); *see also Sellman v. Aviation Training Consulting, LLC*, No. CIV-22-365-D, 2023 WL 2816858, at *2 (W.D. Okla. Apr. 6, 2023).

Plaintiff's counsel communicated with Geurin in April 2024, some nine months after Geurin left CHCI. Defs.' Mot. at 1, 5. Because Geurin was not employed by CHCI at that time, and there is no suggestion that Geurin's post-retirement "contract work" for CHCI authorized her to speak for or bind CHCI, Plaintiff's counsel was not required by Rule 4.2 to obtain the consent of Defendants' counsel to engage in such communications. Disqualification under that rule therefore is not warranted.

CONCLUSION

Accordingly, Defendants' Motion to Disqualify (Doc. No. 37) is DENIED.

IT IS SO ORDERED this 2nd day of August, 2024.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge